**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICIO SOTO-CASTRO an individual, and JOAQUINA MARIA TIRADO CARDONA, an individual, | ) ) ) | |
| | ) | Case No. 1:21-cv-4503 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LIBANAIS RESTAURANT, INC., an Illinois corporation, BAKESWEET CORP., an Illinois corporation, d/b/a LIBANAIS SWEETS, and NASR KHONAISSER, an individual, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The Plaintiffs, Mauricio Soto-Castro ("Soto-Castro") and Joaquina Maria Tirado Cardona ("Cardona"), by and through their attorney, Timothy M. Nolan of the Nolan Law Office, complain against Defendants, Libanais Restaurant, Inc., an Illinois corporation, Bakesweet Corp., an Illinois corporation d/b/a Libanais Sweets, and Nasr Khonaisser, (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, for Defendants' failure to pay Plaintiffs overtime compensation for hours worked over forty (40) in a work week. Plaintiffs are former food preparers, food packagers and cooks at Defendants' Libanais Restaurant and Defendants' Libanais Bakery.

**JURISDICTION AND VENUE**

1

2.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §
216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law
claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because
the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

4.      Plaintiff Soto-Castro is a former employee of Defendants' Libanais Restaurant
and Libanais Bakery both of which are located at 3300 West Devon Avenue in Lincolnwood,
Illinois. Plaintiff Soto-Castro worked as a food preparer, food packager and cook at Defendants'
restaurant and bakery from late April, 2020 through August 1, 2021.

5.      Plaintiff Joaquina Cardona is also a former employee of Defendants' Libanais
Restaurant on West Devon Avenue in Lincolnwood, Illinois where she worked as a food
preparer from approximately March, 2019 through August 15, 2021.

6.      During the course of their employment, Plaintiffs regularly used and handled
goods and materials, including perishable food and food products, and tools, utensils and
equipment, which moved in interstate commerce prior to being used or purchased in Illinois.

7.      Plaintiffs reside in and are domiciled in this judicial district.

8.      Defendant Libanais Restaurant, Inc. ("Libanais Restaurant") operates the Libanais
Restaurant located at 3300 West Devon Avenue in Lincolnwood, Illinois and is engaged in
selling and serving prepared food and beverages to customers for consumption on and off its
premises.

9.      Defendant Libanais Restaurant is registered in Illinois as a corporation and its
officers, registered agent and principal office are located within this judicial district.

10.     Defendant Bakesweet Corp. does business as Libanais Sweets and operates the Libanais Bakery ("Libanais Bakery") located at 3300 West Devon Avenue in Lincolnwood, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

11.     Defendant Libanais Bakery is registered in Illinois as a corporation and its officers, registered agent and principal office are located within this judicial district.

12.     Upon information and belief, Defendants Libanais Restaurant and Libanais Bakery earned more than $500,000 in annual gross revenue during 2019, 2020 and 2021.

13.     Defendant Nasr Khonaisser ("Khonaisser") is an owner of the Libanais Restaurant and the Libanais Bakery and is the president of the restaurant's operating entity, Libanais Restaurant, Inc.

14.     At all times relevant to this action, Defendant Khonaisser possessed extensive oversight over the Libanais Restaurant and the Libanais Bakery and their business operations. Defendant Khonaisser was the ultimate decision-maker with respect to both Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

15.     Defendant Khonaisser resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

16.     During the period from April, 2020 through approximately March, 2021, Plaintiff Soto-Castro was scheduled to work and regularly did work seven (7) days a week with variable start and stop times between 11:00 a.m. and 11:00 p.m. During this period, the volume of hours

worked by Plaintiff Soto-Castro steadily increased over time to an average of over seventy (70) hours in individual workweeks as of December, 2020.

17.     During the period from April, 2021 through August 1, 2021, Plaintiff Soto-Castro was scheduled to work and regularly did work six (6) days a week including Monday thorough Wednesday and Friday through Sunday from 11:00 a.m. to at least 11:00 p.m. During this period, Plaintiff Soto-Castro typically did not work on Thursday.

18.     Based on his schedules, Plaintiff Soto-Castro regularly worked over forty (40) hours in individual workweeks from June, 2020 through approximately November, 2020, and more than seventy (70) hours in individual workweeks from approximately December, 2020 through August 1, 2021.

19.     Defendants paid Plaintiff Soto-Castro on an hourly basis initially at the rate of $12.00 per hour and increasing to $15.00 per hour. At all times, Defendants paid Plaintiff's wages with a non-payroll check issued by Defendant Bakesweet Corp.

20.     During the period from March, 2019 through August 15, 2021, excluding the period from the end of March, 2020 through June, 2020, Plaintiff Joaquina Cardona was scheduled to work and did regularly work six days in individual workweeks including approximately 6-7 hours on Monday, Tuesday and Thursday, and from approximately 9:00 a.m. to at least 9:00 p.m. on Friday through Sunday. Plaintiff Cardona typically did not work on Wednesday.

21.     Based on her schedule, Plaintiff Cardona regularly worked approximately at least fifty-four (54) hours in individual workweeks from March, 2019 through August 15, 2021, excluding the period from the end of March, 2020 through June, 2020.

4

22.     Defendants paid Plaintiff Joaquina Cardona on an hourly basis initially at the rate of $10.00 per hour and increasing to $14.00 per hour. At all times, Defendants paid Plaintiff's wages with a non-payroll check issued by Defendant Bakesweet Corp.

23.     Defendants did not compensate Plaintiffs at one and one-half times their regular hourly rates of pay for hours worked in excess of forty (40) in individual workweeks.

24.     Defendants never paid Plaintiffs an overtime premium when they worked more than 40 hours in a workweek.

25.     Defendants paid Plaintiffs' overtime compensable hours at their straight-time rates of pay.

26.     In violation of the statutes and implementing regulations of the FLSA and IMWL 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs.

### COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

27.     Plaintiffs hereby incorporate paragraphs 1 through 26 as though stated herein.

28.     Throughout their employment with Defendants, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

29.     Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

30.     Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

31.     Defendants Libanais Restaurant, Inc. and Bakesweet Corp. each are an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and each Defendant

operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 §

203(s)(1)(a). Defendants further constituted a single enterprise under the FLSA.

32.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked more

than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times

their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

33.     Defendants' failure and refusal to pay overtime wages for hours worked in excess

of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

34.     Defendants' violation of the Fair Labor Standards Act by refusing to pay

Plaintiffs' overtime wages was willful and not in good faith. Defendants at all times failed to pay

overtime compensation even though Plaintiffs were scheduled to work and regularly did work

more than forty (40) hours in a workweek. Defendants further avoided overtime wage

obligations by paying all of Plaintiffs' wages with a non-payroll company check and without

providing Plaintiffs with pay stubs that reflected hours worked or rates of pay for any pay period.

Furthermore, Defendants' wage payments to Plaintiffs were not reported to federal or state tax

and revenue agencies, and Defendants otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiffs, Mauricio Soto-Castro and Joaquina Maria Tirado

Cardona, pray for a judgment against Defendants, Libanais Restaurant, Inc., an Illinois

corporation, Bakesweet Corp., an Illinois corporation d/b/a Libanais Sweets, and Nasr

Khonaisser, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

35.      Plaintiffs hereby incorporate paragraphs 1 through 26 as though stated herein.

36.      Throughout their employment with Defendants, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

37.      Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

38.      Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

39.      Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

40.      Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, Mauricio Soto-Castro and Joaquina Maria Tirado Cardona, pray for a judgment against Defendants, Libanais Restaurant, Inc., an Illinois corporation, Bakesweet Corp., an Illinois corporation d/b/a Libanais Sweets, and Nasr Khonaisser, as follows:

A.      Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B.      Statutory damages in the amount of three times the amount of unpaid overtime;

C.      Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E.      Such other and further relief as this Court deems appropriate and just.


Dated: August 24, 2021           Respectfully submitted,
Mauricio Soto-Castro and
Joaquina Maria Tirado Cardona,
Plaintiffs,


/s/ Timothy M. Nolan
_____

Attorney for the Plaintiffs


Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com